UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :     **INDICTMENT**

    - v. -     :     S1 07 Cr. 665 (DC)

CHRISTOPHER RAMDIN, and
MAURICE QUINLAN,
    a/k/a "Cheese,"     :

        Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: / DATE FILED: OCT 10 2007]

COUNT ONE

    The Grand Jury charges:

    1.   From in or about February 2007 until in or about March 2007, in the Southern District of New York and elsewhere, CHRISTOPHER RAMDIN and MAURICE QUINLAN, a/k/a "Cheese," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

    2.   It was a part and an object of the conspiracy that CHRISTOPHER RAMDIN, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base (in a form commonly known as "crack"), in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

    3.   It was further a part and an object of the conspiracy that MAURICE QUINLAN, a/k/a "Cheese," the defendant,

and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 grams and more of mixtures and substances containing a detectable amount of cocaine base (in a form commonly known as "crack"), in violation of Sections 812, 841(a)(1), and 841(b)(1)(B) of Title 21, United States Code.

4. It was further a part and an object of the conspiracy that CHRISTOPHER RAMDIN, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1), and 841(b)(1)(C) of Title 21, United States Code.

<u>OVERT ACTS</u>

5. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about February 1, 2007, CHRISTOPHER RAMDIN, the defendant, accompanied a New York City Police Department ("NYPD") undercover officer ("UC 1") to a location in the Bronx, New York where UC 1 purchased crack cocaine from MAURICE QUINLAN, a/k/a "Cheese," the defendant.

    b. On or about February 17, 2007, RAMDIN provided UC 1 with crack cocaine in exchange for $800.00.

    c. On or about February 23, 2007, RAMDIN provided UC 1 with crack cocaine in exchange for $1700.00.

    d. On or about March 3, 2007, RAMDIN provided another NYPD undercover officer ("UC 2") with heroin in exchange for $400.00.

    e. On or about March 23, 2007, RAMDIN provided UC 1 with crack cocaine in exchange for $2100.00.

  (Title 21, United States Code, Section 846.)

## COUNT TWO

  The Grand Jury further charges:

  6. On or about February 1, 2007, in the Southern District of New York and elsewhere, CHRISTOPHER RAMDIN and MAURICE QUINLAN, a/k/a "Cheese," the defendants, unlawfully, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, 5 grams and more of mixtures and substances containing a detectable amount of cocaine base (in a form commonly known as "crack").

  (Title 21, United States Code, Sections 812, 841(a)(1), and
   841(b)(1)(B), Title 18, United States Code, Section 2.)

## COUNT THREE

  The Grand Jury further charges:

  7. On or about February 17, 2007, in the Southern District of New York and elsewhere, CHRISTOPHER RAMDIN, the defendant, unlawfully, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to

3

wit, 5 grams and more of mixtures and substances containing a detectable amount of cocaine base (in a form commonly known as "crack").

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B), Title 18, United States Code, Section 2.)

## COUNT FOUR

The Grand Jury further charges:

8. On or about February 23, 2007, in the Southern District of New York and elsewhere, CHRISTOPHER RAMDIN, the defendant, unlawfully, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, 5 grams and more of mixtures and substances containing a detectable amount of cocaine base (in a form commonly known as "crack").

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B), Title 18, United States Code, Section 2.)

## COUNT FIVE

The Grand Jury further charges:

9. On or about March 3, 2007, in the Southern District of New York and elsewhere, CHRISTOPHER RAMDIN, the defendant, unlawfully, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of heroin.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C), Title 18, United States Code, Section 2.)

COUNT SIX

The Grand Jury further charges:

10. On or about March 23, 2007, in the Southern District of New York and elsewhere, CHRISTOPHER RAMDIN, the defendant, unlawfully, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, 5 grams and more of mixtures and substances containing a detectable amount of cocaine base (in a form commonly known as "crack").

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B), Title 18, United States Code, Section 2.)

FORFEITURE ALLEGATION WITH RESPECT TO COUNTS ONE THROUGH SIX

11. As a result of committing one or more of the controlled substance offenses alleged in Counts One through Six of this Indictment, CHRISTOPHER RAMDIN, and MAURICE QUINLAN, a/k/a "Cheese," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One through Six of this Indictment, representing the amount of proceeds obtained as a result of the narcotics offenses charged in Counts One through Six of this Indictment.

<u>Substitute Asset Provision</u>

a. If any of the above-described forfeitable property, as a result of any act or omission of CHRISTOPHER RAMDIN and MAURICE QUINLAN, a/k/a "Cheese," the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants, up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841 and 853.)

_____    _____
FOREPERSON                          MICHAEL J. GARCIA
                                    United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v -

CHRISTOPHER RAMDIN,
MAURICE QUINLAN,
a/k/a "Cheese," and

Defendants.

**SUPERSEDING INDICTMENT**

S1 07 Cr. 665 (DC)

(Title 18, United States Code, Section 2,
Title 21, United States Code, Sections
812, 841, 846)

Michael J. Garcia
United States Attorney.

A TRUE BILL

_____
Foreperson.

10/10/07

Fld Superseding

May Judge Volage